UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES ARANGO,

    Plaintiff

v.

THE SCOTTS COMPANY, LLC and EG SYSTEMS, INC.

    Defendants.

Civil Action No.

Jury Trial Demanded

## PLAINTIFF'S COMPLAINT

Now come Plaintiff, Andres Arango against Defendant The Scotts Company, LLC, and EG Systems, Inc. (collectively "Defendants") and alleges as follows:

### SUMMARY

1. Plaintiff is a non-exempt former employee of Defendants who worked more than forty (40) hours per week as a lawn care technician. Defendants required and/or permitted Plaintiff to work in excess of forty(40) hours per week; however, Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours over forty.

2. Defendants conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. §207(a).

3. Defendants' failure to pay overtime compensation which violates New York Labor Law ("NYLL"). N.Y. Lab. Law §650 *et seq.* ( and any supporting regulations).

4. Furthermore, when Plaintiff worked more than ten hours in a single work

day, he was not paid according to New York Department of Labor spread of hour regulations. N.Y. COMP. CODES R & REGS. tit. 12, § 142-2.4.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff resides in the County of Rockland, State of New York and was employed by Defendants as a technician.

6. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

7. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the NYLL.

8. The Scotts Company, LLC is a foreign limited liability company doing business in the State of New York.

9. Defendant EG Systems, Inc. is also a foreign business corporation doing business in the State of New York.

10. This Court has personal jurisdiction over Defendants because these Defendants conducted activities in the State of New York to confer jurisdiction.

11. Defendants had and continue to have contacts with the State of New York to establish general jurisdiction over them, by conducting business in New York.

12. Defendants employed workers and contracts with residents and businesses in New York.

## SUBJECT MATTER JURISDICTION AND VENUE

13. The Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

14. This Court also has supplemental jurisdiction over the state law claims

raised herein pursuant to 28 U.S.C. §1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims started herein derive.

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(d) because the Defendants had operations in the Southern District of New York and the Plaintiff resides therein.

## COVERAGE

16. Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. §203(d).

17. Defendants have been an employer within the meaning of N.Y. Lab. Law §651(6).

18. Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. §203(r).

19. Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning 203(s)(1) of the FLSA.

20. Furthermore, Defendants have had an annual gross business volume in excess of the statutory standard of $500,000.

21. Defendants represent themselves to the general public as one company-Scotts-operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model. Defendants provide the same service product to its customers by

using a set formula when conducting its business. Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

22. Additionally, Defendants were subject to common control and management.

23. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

24. Moreover, Defendants formed a joint employment relationship with respect to the Plaintiff.

25. Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

26. Defendants controlled the hours to be worked by Plaintiff.

27. Defendants had a common business purpose to provide lawn care services to their customers.

28. Defendants' operations were unified and Defendants shared control over the Work of Plaintiff. Thus, Defendants are each directly liable for the violations in this case.

## FACTS

29. Defendants provide lawn, tree, and shrub care and maintenance services throughout the United States and New York.

30. Defendants employed Plaintiff to help perform these services.

31. Lawn care technicians/specialists also known as territory service representatives are landscapers who perform the manual duties of caring of grass.

32.     Plaintiff is not exempt from overtime pay or from receiving pay at the federal and/or state minimum wage rate.

33.     Because Defendants did not comply with the law, Plaintiff was paid at rates less than what the law requires and thus, they are owed significant damages.

34.     Defendants used "fluctuating work week' method to compensate Plaintiff. It allows an employer to pay its non-exempt employees at ½ the employees' regular rates of pay (the "half-time" premium) for any hours worked over 40 as opposed to paying the employees 1 and ½ times their regular rates of pay.

35.     Under the FLSA, Section 778.114 is the regulation governing the FWW Method of pay. Section 778.114 provides, in pertinent part, as follows:

> When there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rte for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. 29 C.F.R. §778.114(a).

36.     To utilize the FWW method, the Defendants had to establish:

  (1) the employee's hours fluctuate from week to week,

  (2) there is a clear mutual understanding between the employee and Employer,

  (3) That the employee will receive a fixed salary,

  (4) for every hour worked, and

  (5) The amount of the salary provides compensation to the employee at least

at the minimum wage rate for all hours worked.

37. Defendants did pay Plaintiff payments and bonuses in addition to his regular salary.

38. The supplementary payments and bonuses that Defendants paid Plaintiff were directly tied to production and/or sales.

39. The amount of the supplementary payments and bonuses that the Plaintiff received varied from week to week.

40. Defendants did not comply with the FWW.

41. The Plaintiff was not paid overtime at rates as mandated under the FWW.

42. Defendants made deductions from the pay of the Plaintiff, that were not permitted under the FWW method.

43. Defendants violated the law because at no times was there a clear and mutual understanding with the Plaintiff.

44. The Plaintiff was not paid overtime pay at the rate of time and one-half his regular rate of pay for every hour worked in excess of 40 hours per week.

45. Said Defendants improperly implemented the FWW method, the Plaintiff was actually denied overtime at the rates mandated under the aforesaid federal and state laws.

46. The Plaintiff received compensation at rates less than time and one half their regular rates of pay for those hours worked over forty.

47. The method of payment was in violation of New York Labor Law.

48. Defendants also violated said New York Labor Law by failing to compensate the Plaintiff when they worked more than ten hours in a single work day in violation of New York COMP. CODES R. & REGS. Tit. 12 §142-2.4

49. The Plaintiff often worked more than ten hours in one shift for Defendants, but Defendants did not pay any additional wages to the Plaintiff in violation of New York law.

50. The Defendants method of paying the Plaintiff was in violation of both federal and state law and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA or the NYLL.

## WAGE DAMAGES SOUGHT

51. Plaintiff is entitled to recover his unpaid minimum wage and overtime compensation.

52. Plaintiff is entitled to an amount equal to all of his unpaid minimum wages and overtime wages as liquidated damages. 29 U.S.C. §216(b).

53. Plaintiff is entitled to an amount equal to twenty-five percent of his unpaid minimum wages and overtime wages since 2008, and an amount equal to all of his unpaid minimum wages and overtime wages since 2008, as liquidated damages pursuant to N.Y. Lab Law §663.

54. Plaintiff is entitled to recover attorney's fees and costs 29 U.S.C. §216(b); N. Lab. Law §663.

## JURY DEMAND

55. Plaintiff hereby demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

56.    For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding the following relief:

(a) Unpaid wages for all hours worked in a workweek; and
unpaid overtime compensation for all hours worked over forty(40) hours
in a workweek at the applicable time and a half rate in the sum of $82,746.17;

(b) An equal amount of unpaid wages as liquidated damages as required under the FLSA;

(c) An amount equal to twenty-five percent of unpaid wages as liquidated Damages as required under the NYLL;

(d) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and NYLL;

(e) Such other relief to which Plaintiff may be entitled, at law or in equity;

Dated: Nanuet, New York 10954
        August 31, 2017

Respectfully submitted,

Wayne A. Gavioli, Esq.
WAYNE A. GAVIOLI P.C.
101 No. Middletown Road
Nanuet, New York 10954
(845)-624-2525
Fax: (845)-623-1051
Attorney for Plaintiff