UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDRES ARANGO,

                                 Plaintiff,

        -v-

THE SCOTTS COMPANY, LLC and EG
SYSTEMS, INC.,

                                 Defendants.

Case No. 17-CV-7174 (KMK)

OPINION & ORDER

Wayne A. Gavioli, Esq.
Wayne A. Gavioli, P.C.
101 North Middletown Road
Nanuet, NY 10954
*Counsel for Plaintiff*

Juan C. Enjamio, Esq.
Shawn Patrick Regan, Esq.
Ryan Ayers Glasgow, Esq.
Hunton & Williams, LLP
Miami, FL, New York, NY, and Richmond, VA
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

         On September 20, 2017, Plaintiff Andres Arango ("Plaintiff") brought this Action against The Scotts Company, LLC ("Scotts") and EG Systems, Inc. ("EG") (collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), New York Labor Law Article 19 § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. (*See* Compl. ¶¶ 2–4 (Dkt. No. 1).). Plaintiff now moves for approval of the Parties' proposed settlement. (Mot. To Approve Settlement ("Pl.'s Mot.") (Dkt. No. 28); Mem. of Law in Supp. of Mot. to Approve

Settlement ("Pl.'s Mem.") (Dkt. No. 29); Pl.'s Mem. Ex. 1 ("Proposed Settlement").) For the reasons that follow, Plaintiff's Motion is denied without prejudice.

## I.  Background

According to the Complaint, Plaintiff is a non-exempt former employee of Defendants who worked as a lawn care technician. (Compl. ¶ 1.) Plaintiff alleges that Defendants failed to compensate him at the rate of one and one-half times his regular rate of pay for all time worked above forty hours per week. (*Id.*) Specifically, Plaintiff claims that Defendants used the "fluctuating work week" ("FWW") method of calculating his overtime compensation, which allows an employer to pay its non-exempt employees at one-half the regular rate for any hours worked above forty in a week. (*Id.* ¶ 34.) Plaintiff alleges that Defendants did not comply with the FWW method and that he was entitled to overtime pay at a rate of one and one-half his hourly pay for all overtime hours worked. (*Id.* ¶¶ 40, 46–47.) Additionally, Plaintiff alleges that when he worked more than ten hours in a single work day, he was not paid additional wages as required by New York Department of Labor spread of hour regulations. (*Id.* ¶¶ 4, 49.)

## II.  Discussion

Under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has confirmed that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir.

2015) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 824 (2016).[1] Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (same).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[1] Although not relevant here, the Second Circuit has explained the authority of the Department of Labor to approve settlements, noting "the Secretary of Labor has the authority to 'supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under'" certain portions of the FLSA, in which case "'[t]he agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have . . . to such . . . unpaid overtime compensation and' liquidated damages due under the FLSA." *Cheeks*, 796 F.3d at 201 n.1 (second alteration in original) (quoting 29 U.S.C. § 216(c)).

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (internal quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (internal quotation marks omitted).[2] To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the]

---

[2] This approach is consistent with the requirement that "FLSA settlements . . . not be confidential," in part because "sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015) (alterations and internal quotation marks omitted).

plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* (first alteration in original) (internal quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Based on Plaintiff's submission, the Court does not have sufficient information to determine whether the settlement sum is fair and reasonable. The Parties have agreed to a settlement sum of $29,566.00. (Pl.'s Mem. 2.)[3] The Parties state that Plaintiff "will recover greater than 100% of the amount [he is] owed based upon a two year statute of limitation." (*Id.*) Although Plaintiff asserts that "[w]eighing the benefits of the settlement against the risks associated with proceeding in litigation, the settlement amount is fair, reasonable, and just," he provides no information that would allow the Court to reach that conclusion. Although Plaintiff submitted what appear to be disjointed printouts of a spreadsheet documenting Plaintiff's work hours, (Pl.'s Mem. Ex. 2), he provides no guidance on how the Court can identify how, when, and to what extent Plaintiff was underpaid for his overtime work from these documents. Plaintiff also provides no explanation as to why the two-year statute of limitations applies in this case, rather than the three-year limitation applicable to willful violations. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) ("The effect of a willfulness finding is to extend the statute of limitations period from two to three years." (citing 29 U.S.C. § 255(a))).

Without any explanation as to how the Parties determined that $29,566.00 constitutes over 100% of Plaintiff's potential recovery, the Court cannot determine whether the settlement sum is fair and reasonable. *See Nights of Cabiria*, 96 F. Supp. 3d at 176 ("The parties have not 'provided the [c]ourt with each party's estimate of the number of hours worked or the applicable

---

[3] Because Plaintiff neglected to include page numbers in his Memorandum of Law, the Court will cite to the ECF-generated page numbers in the upper right corner of each page.

5

wage.'" (alteration omitted) (quoting *Mamani v. Licetti*, No. 13-CV-7002, 2014 WL 2971050, at *2 (S.D.N.Y. 2014)). Accordingly, the Parties must submit to the Court a more detailed explanation of the potential recovery for Plaintiff.

Additionally, the Court cannot approve the Proposed Settlement as it currently stands because it contains a confidentiality provision. (*See* Proposed Settlement ¶ 8.) "The overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential." *Armenta v. Dirty Bird Grp., LLC*, No. 13-CV-4603, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014); *see also Nights of Cabiria*, 96 F. Supp. 3d at 177 (same). While the Proposed Settlement permits public filing of the settlement, courts in this District have repeatedly held that, even when a settlement is publicly filed, a provision that prohibits Plaintiff's right to discuss the settlement is incompatible with the purposes of the FLSA, namely, to ensure that workers are aware of their rights. *See Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) ("Non-disclosure provisions in FLSA agreements, even when the settlement papers are publicly available on the Court's docket, contravene well-established public policy because they undermine one of the FLSA's primary goals: to ensure that all workers are aware of their rights." (internal quotation marks omitted)); *Mahalick v. PQ N.Y. Inc.*, No. 14-CV-899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (noting that "provisions that impose an obligation on the plaintiff—a gag order, really—to refrain from discussing any aspect of the case or settlement" run afoul of the purposes of the FLSA, and declining to approve a settlement agreement with such a term, despite the public filing of the proposed agreement (internal quotation marks omitted)); *Nights of Cabiria*, 96 F. Supp. 3d at 179 (explaining that, "[p]ractically speaking," public filing of the settlement agreement in that case was "unlikely to benefit low-wage workers," who are more likely to

"learn about [their] employment rights . . . directly or indirectly from a co-worker or an outside organization"); *Camacho*, 2015 WL 129723, at *2 (noting that a "gag order" limiting discussion of the case "runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair" (internal quotation marks omitted)); *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (finding that a nondisclosure agreement was "contrary to well-established public policy"). Accordingly, the Court will not approve the Proposed Settlement unless the confidentiality provision in paragraph 8 is removed.

Furthermore, the Court finds that the Proposed Settlement's release provision is too broad. "[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *id.* at 206 (internal quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (rejecting a settlement agreement where "the parties' release language . . . include[d] 'actions and/or claims against the [d]efendants, known or unknown, which [the plaintiff] may have as of the date of this [a]greement including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to [the] [d]efendants' payment of wages to [the] [p]laintiff during [the] [p]laintiff's employment with [the] [d]efendants'"); *Flood*, 2015 WL

7

4111668, at *2 (rejecting a settlement agreement that, in effect, "waive[d] any possible claims against [the] [d]efendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

Here, the proposed release provision provides that Plaintiff releases Defendants "with respect to any and all claims or causes of action related to the payment or non-payment of wages . . . any wage notices or wage statements, pay frequency, and any spread of hours premiums, *including but not limited to* claims that were pled in the Action and/or reasonably related to claims that were pled in the Action. This release and covenant not to sue specifically includes a release of *all* claims and damages arising under the FLSA, the NYLL, and any other state or local wage and hour statute or regulation." (Proposed Settlement ¶ 6 (emphasis added).) The inclusion of claims that are not "reasonably related to claims . . . in the Action" and of "all claims and damages arising under" the FLSA, the NYLL, and all other wage and hour laws is overbroad. As noted, the caselaw is clear that "any release provision must be limited to the claims at issue in this action." *Lazaro-Garcia*, 2015 WL 9162701, at *2; *see also Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-CV-1515, 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) ("[A] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are limited to the claims at issue in this action." (internal quotation marks omitted)). Although a release "may include claims not presented and even those which could not have been presented," it must still be limited to "conduct [that] arises out of the identical factual predicate as the settled conduct." *Nights of Cabiria*, 96 F. Supp. at 181; *see also Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("The [c]ourt will not approve a release provision that extends beyond the claims at issue in this action."); *Flood*, 2015 WL 4111668, at *2 ([U]ntil the releases . . . are limited to claims relating to the existing suit, the

8

[c]ourt will not approve the agreements); *cf. Pucciarelli v. Lakeview Cars, Inc.*, 16-CV-4751, 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (approving release that, "while broad, . . . relates specifically to wage and hour issues without encompassing, for example, prospective discrimination claims").

Finally, with respect to the attorneys' fees, the Parties have not submitted adequate information for the Court to determine that the requested fee is reasonable. Under the FLSA, a successful plaintiff, including one who settles, is entitled to attorneys' fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015). In the Second Circuit, courts generally draw on the following considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (alteration and internal quotation marks omitted).

When requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-

9

1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Plaintiff's counsel seeks a fee award of approximately 25% of the total recovery, that is, $7,200.00 of the $29,566.00 settlement amount. (*See* Mot. for Approval of Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 30).) Courts in the Second Circuit frequently award attorneys in FLSA settlements as much as 33% of the total recovery in fees. *See, e.g.*, *Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). The Court therefore notes that the requested 25% of the total recovery is a generally appropriate fee amount, provided that it does not disproportionately compensate Plaintiff's counsel for the time and effort expended in this case.

However, when requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage

method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Plaintiff's counsel has provided no explanation or evidence of the time expended on this matter, the type of work performed, or counsel's qualifications that would allow the Court to determine whether $7,200.00 is a reasonable fee in this case. Accordingly, Plaintiff's counsel must submit to the Court a more detailed explanation of the work performed for Plaintiff, including contemporaneous billing records.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion is denied without prejudice. The Parties may reapply for approval of a settlement that (1) allows the Court to determine the Parties' positions with respect to Plaintiff's maximum potential recovery at trial so that it can assess whether the settlement sum is fair and reasonable; (2) appropriately narrows the release provision to the claims at issue in this action; and (3) details and evidences the hours expended

11

by Plaintiff's counsel to enable the Court to determine whether a $7,200.00 fee is reasonable in this case.

SO ORDERED.

Dated: White Plains, New York
January 7, 2019

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE