UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES ARANGO,

                    Plaintiff,

v.

THE SCOTTS COMPANY, LLC and EG
SYSTEMS, INC.,

                    Defendants.

No. 17-CV-7174 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On September 20, 2017, Plaintiff Andres Arango ("Plaintiff") brought this Action against The Scotts Company, LLC and EG Systems, Inc. (collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), N.Y. Lab. Law Article 19 § 650 *et seq.* ("NYLL"), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. (*See* Compl. ¶¶ 2–4 (Dkt. No. 1).) Plaintiff now moves for approval of the Parties' proposed settlement (the "Motion"). (Not. of Mot. (Dkt. No. 37); Not. of Mot. Ex. B ("Pl.'s Mem.") (Dkt. No. 37-2); Not. of Mot. Ex. C ("Settlement Agreement") (Dkt. No. 37-3).) For the reasons that follow, Plaintiff's Motion is granted.

## I. Background

According to the Complaint, Plaintiff, who worked as a lawn care technician, is a non-exempt former employee of Defendants. (Compl. ¶ 1.) Plaintiff alleges that Defendants failed to compensate him at the rate of one and one-half times his regular rate of pay for all time worked above forty hours per week. (*Id.*) Specifically, Plaintiff claims that Defendants used the "fluctuating work week" ("FWW") method of calculating his overtime compensation, which

allows an employer to pay its non-exempt employees at one-half the regular rate for any hours worked above forty in a week.  (*Id.* ¶ 34.)  Plaintiff alleges that Defendants did not comply with the FWW method, and that he was entitled to overtime pay at a rate of one and one-half his hourly pay for all overtime hours worked.  (*Id.* ¶¶ 40, 46–47.)  Additionally, Plaintiff alleges that when he worked more than ten hours in a single workday, he was not paid additional wages as required by New York Department of Labor spread of hour regulations.  (*Id.* ¶¶ 4, 49.)

On December 14, 2018, Plaintiff submitted to the Court a proposed settlement agreement, which he requested that the Court approve.  (*See* Dkt. Nos. 28–31.)  The Court denied Plaintiff's submission without prejudice on January 7, 2019, because (1) the Court did not have sufficient information to determine whether the settlement amount was fair and reasonable, including information on how, when, and to what extent Plaintiff was allegedly underpaid for his overtime work, and Plaintiff did not explain why the FLSA's two-year statute of limitations applied rather than the three-year limitation applicable to willful violations, (*see* Order ("Jan. 7, 2019 Order") 5–6 (Dkt. No. 32)); (2) the proposed settlement agreement included a confidentiality provision, (*see id.* at 6–7); (3) the Parties' proposed release provision was too broad, (*see id.* at 7–9); and (4) the Parties did not submit adequate information for the Court to determine whether the requested attorneys' fees were reasonable, (*see id.* at 9–11).

On October 24, 2019, Plaintiff submitted a second proposed settlement agreement.  (*See* Dkt. Nos. 33–34.)  The Court again denied Plaintiff's submission without prejudice on December 18, 2019 because (1) Plaintiff submitted insufficient information demonstrating that the settlement was fair, reasonable, and adequate; (2) the covenant not to sue provision remained broader than the revised release provision; and (3) counsel for Plaintiff had failed to provide billing records to support his request for attorneys' fees.  (*See* Order ("Dec. 18, 2019 Order") 5–

11 (Dkt. No. 35).) Plaintiff submitted the instant Motion and Proposed Settlement Agreement on August 29, 2020. (Dkt. No. 37.)[1]

## II.  Discussion

As noted in the Court's previous Order (the "December 2019 Order"), under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has confirmed that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quotation marks omitted), *cert. denied*, 136 S. Ct. 824 (2016).[2] Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (same).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a

---

[1] It appears that Plaintiff re-filed his Notice of Motion on September 23, 2020, due to a filing error with the previously filed documents.

[2] Although not relevant here, the Second Circuit has explained the authority of the Department of Labor to approve settlements, noting "the Secretary of Labor has the authority to 'supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under'" certain portions of the FLSA, in which case "'[t]he agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have . . . to such . . . unpaid overtime compensation and' liquidated damages due under the FLSA." *Cheeks*, 796 F.3d at 201 n.1 (second alteration in original) (quoting 29 U.S.C. § 216(c)).

position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same);

4

*Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (quotation marks omitted).[3] To this end, courts require information surrounding

> the nature of [the P]laintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the P]laintiffs . . . , the bases of estimates of [the P]laintiffs' maximum possible recovery, the probability of [the P]laintiffs' success on the merits, and evidence supporting any requested fee award.

*Id.* (first alteration in original) (quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 176).

Having reviewed the Proposed Settlement Agreement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied, based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens and risks of litigation. Moreover, with the additional information submitted by Plaintiff, the Court is now able to determine that the settlement sum is fair, reasonable, and adequate.

The amount Plaintiff will receive, excluding attorneys' fees and costs, is $28,366.06. (Pl.'s Mem. 5.) This amount represents 67% of Plaintiff's owed wages under NYLL § 195, (*id.*

---

[3] This approach is consistent with the requirement that "FLSA settlements . . . not be confidential," in part because "sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015) (alterations and quotation marks omitted).

5

at 6–7 & n.2), and approximately 34% of a total possible recovery, including liquidated damages, under NYLL §§ 195 and 198.[4]  Although the settlement amount is less than half of Plaintiff's estimate of his potential recovery, it is still "a substantial proportion of the maximum possible recovery." *Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (finding a proposed settlement sum of approximately 25% of the estimated maximum possible recovery fair and reasonable); *see also Rojas v. Bronx Moon LLC*, No. 17-CV-5825, 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (finding a proposed settlement sum of approximately 31% of the total potential recovery fair and reasonable).  Further, there is legitimate question over whether Defendants had a "good faith basis to believe that any underpayment of wages was in compliance with the law," (Pl.'s Mem. 7 (citation, alteration, and quotation marks omitted)), and according to the Parties, the settlement amount is more favorable than the share that Plaintiff would have received in a recently settled and preliminarily approved collective and class action involving the same challenges, also in the Southern District of New York, (*id.* at 9).  Settlement will also avoid "extensive fact and expert discovery involving voluminous time and pay records," and lengthy motion practice and potential appeals under the FLSA and NYLL.  (*Id.* at 10.)  Additionally, settlement will avoid costs of discovery and motion practice, as well as the risks associated with going to trial.  *See Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15-CV-6848, 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving settlement sum representing 26% of potential damages where there were "various bona fide

---

[4] NYLL § 198 provides for "an additional amount as liquidated damages, unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law."  NYLL § 198.  The amount of liquidated damages may be "no more than one hundred percent of the total amount of wages found to be due."  *Id.*  Plaintiff's full potential recovery under NYLL § 195 is $42,048.70.  Thus, the Court calculates that the total recovery, including the full amount of liquidated damages, would be $84,097.40.  $28,366.06 is approximately 34% of this total amount.

disputes between the parties" (emphasis and quotation marks omitted)); *Beckert*, 2015 WL 8773460, at *2 ("[Plaintiff] could well receive, post-trial, much less than th[e] maximum possible recovery . . . ."); *see also Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (finding settlement sum fair "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement").

The Court previously determined that the spreadsheet provided by Plaintiff did not match the descriptions of the spreadsheet in Plaintiff's Memorandum, and thus the Court could not confirm that Plaintiff's calculations were accurate and reasonable. (Dec. 18, 2019 Order 7.) Plaintiff has now provided a detailed spreadsheet, (Not. of Mot. Ex. D ("Damages Spreadsheet") (Dkt. No. 37-4)), along with an explanation of that spreadsheet, (Pl.'s Mem. 7 n.3), which supports Plaintiff's calculation methods. The Court is therefore satisfied that the Proposed Settlement Agreement is fair and reasonable.

Further, as previously determined, the Parties have adequately reworked the release provision, and have removed the confidentiality provision that the Court previously found problematic. (Dec. 18, 2019 Order 7–8.) The Proposed Settlement Agreement provides that Plaintiff will release and covenant not to sue Defendants

> with respect to any and all claims that were pled in the Action and/or reasonably related to claims that were pled in the Action, including claims or causes of action related to the payment or non-payment of wages (including overtime, minimum wage, commissions, premiums, or statutory penalties), any wage notices or wage statements, pay frequency, and any spread of hours premiums.

(Proposed Settlement Agreement ¶ 6.) The language of the release is thus curtailed and limited to matters already pled in this Action "and/or reasonably related to claims that were pled in this Action." Given that this is a wage-and-hours lawsuit, unlike the earlier release, it does not "purport to waive practically any possible claim against . . . [D]efendants, including . . . claims

7

that have no relationship whatsoever to wage-and-hour issues." *Nights of Cabiria*, 96 F. Supp. 3d at 181.  Therefore, the Court is satisfied that the new release passes muster.  *Cf. Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("The Court will not approve a release provision that extends beyond the claims at issue in this action."); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action.").

The Parties have also revised the covenant not to sue provision in ¶ 7 that the Court previously found included inconsistently broad language.  (Dec. 18, 2019 Order 8–9.)  This provision now states, "[Plaintiff] . . . agrees not to reinstate any claims in the Action or to file, join, opt-in to, or otherwise participate in any other lawsuits, charges, or complaints against the Released Parties involving any claims that were either pled in the Action and/or reasonably related to claims that were pled in the Action . . . ."  (Proposed Settlement Agreement ¶ 7.) Given that this language now matches that of the release, the Court is satisfied that it is sufficiently circumscribed.

Finally, the Court finds that the attorneys' fees and costs requested by counsel for Plaintiff are reasonable.  Under both the FLSA and NYLL, a successful plaintiff—including one who settles—is entitled to attorneys' fees.  *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b), NYLL §§ 198, 663(1)). In the Second Circuit, courts may calculate attorneys' fees using one of two methods: the "lodestar" method or the "percentage of the fund" method. See *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  "Under the percentage-of-the-fund method, the attorneys are awarded a reasonable percentage of the common fund." *Kefi*, 2015 WL

4006896, at *3.  "Under the lodestar method, 'the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate.'"  *Ortiz v. Chop't Creative Salad Co. LLC*, 89 F. Supp. 3d 573, 590 (S.D.N.Y. 2015) (footnote omitted) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)).  "After the computation is done, 'the district court may, in its discretion, increase the lodestar by applying a multiplier based on "other less objective factors," such as the risk of the litigation and the performance of the attorneys.'"  *Id.* at 590–91 (quoting *Goldberger*, 209 F.3d at 47).  "Although [the Second Circuit] ha[s] acknowledged that the trend in this Circuit is toward the percentage method, it remains the law in this Circuit that courts may award attorneys' fees in common fund cases under either the 'lodestar' method or the 'percentage of the fund' method."  *McDaniel*, 595 F.3d at 417 (some quotation marks omitted).  Under either approach, courts draw on the following considerations—commonly known as the "Goldberger factors"— when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."  *Goldberger*, 209 F.3d at 50 (alteration and quotation marks omitted).

When requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award."  *Wolinsky*, 900 F. Supp. 2d at 336 (S.D.N.Y. 2012).  Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended— or the percentage method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the Second] Circuit is toward the percentage method . . . ."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  Even where attorneys' fees are sought

9

pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Here, under the Proposed Settlement Agreement, Plaintiff's counsel seeks an award of $11,200.00 in attorneys' fees and costs of the $39,566.06 settlement amount, which is a fee award of approximately 28% of the total recovery. (*See* Pl.'s Mem. 10.) This amount is "a generally appropriate fee amount, provided that it does not disproportionately compensate Plaintiff's counsel for the time and effort expended in this case." (Dec. 18, 2019 Order 9–10 (record citation and quotation marks omitted).) Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery, which this request falls slightly below. *See Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) (collecting cases); *Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), adopted by 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). Plaintiff's counsel has also submitted records of his time to

substantiate this request, (Not. of Mot. Ex. E ("Time Records") (Dkt. No. 37-5), which the was lacking from Plaintiff's earlier submissions, (Jan. 7, 2019 Order 10–11; Dec. 18, 2019 Order 9–10). Based on a billing rate of $375/hour, these records suggest a lodestar sum of $21,393.75, (Time Records 5). Counsel's requested award of $11,200 is slightly over half of this sum. Therefore, the Court approves the requested attorneys' fees and costs.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for approval of the Proposed Settlement agreement is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   White Plains, New York
         October 5, 2020

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE